UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSHUA M. COOKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:10-cv-00256-JAW |
| ) | |
| COMMISSIONER, MAINE ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Joshua M. Cookson filed a complaint against the Commissioner of the Maine Department of Corrections (the Commissioner) on June 23, 2010, alleging that the Commissioner violated his right to practice his religion, Satanism, at the Maine State Prison (MSP).[1]  *Compl.* (Docket # 1).  On May 16, 2011, the Commissioner moved for summary judgment.  *Def.'s Mot. for Summ. J.* (Docket # 11).  Mr. Cookson filed an opposition on June 3, 2011, *Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J.* (Docket # 16), and the Commissioner replied on July 11, 2011, *Reply of Def. Martin Magnusson to Pl.'s Opp'n to Mot. for Summ. J.* (Docket # 21).

---

[1] While Mr. Cookson's Complaint does not specify the claims he is bringing to the federal forum, his appeal of grievances to the Commissioner suggests that he contends that the policies and decisions of the MSP infringe his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), his right to the free exercise of religion and free speech under the First Amendment, and his right to due process and/or equal protection under the Fourteenth Amendment. *Rec. Dec.* at 1 n.1; *Compl.* Attach. 2 at 7-8. While Mr. Cookson claimed a violation of his Eighth Amendment and state constitutional rights, he expressly withdrew all claims under the Eighth Amendment and under the Maine Constitution in his opposition to the Commissioner's motion for summary judgment. *Pl.'s Opp'n* at 5.

On August 22, 2011, Mr. Cookson moved to substitute Joseph Ponte, the current Commissioner of the Maine Department of Corrections, as the defendant in this matter and requested additional time to supplement the summary judgment record. *Mot. for Substitution of Party and Additional Time to Supplement Summ. J. Record* (Docket # 25). That same day, Mr. Cookson asked to amend his complaint to reflect this change in leadership. *Pl.'s Mot. to Am. the Original Compl.* (Docket # 26). The Magistrate Judge granted the motion and Commissioner Ponte was substituted for Commissioner Magnusson on August 29, 2011. *Order* (Docket # 28).

Mr. Ponte filed an amended motion for summary judgment on October 6, 2011, *Am. Mot. for Summ. J.* (Docket # 30); Mr. Cookson responded on October 17, 2011, *Pl.'s Opposing Statement to Am. Mot. for Summ. J.* (Docket # 31). The Commissioner replied on October 21, 2011. *Def.'s Reply to Pl.'s Opp'n to Am. Mot. for Summ. J.* (Docket # 32).

The United States Magistrate Judge filed a Recommended Decision on January 4, 2012. *Recommended Decision on Mot. for Summ. J.* (Docket # 33) (*Rec. Dec.*). Mr. Cookson objected to the Recommended Decision on January 20, 2012, *Pl.'s Mem. of Law in Support of His Objections to Recommended Decision on Mot. for Summ. J.* (Docket # 34), and the Commissioner responded on February 3, 2012, *Response to Objection to Report and Recommended Decision* (Docket # 35).

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a *de novo* determination of all matters adjudicated therein. The Court concurs with the

recommendations of the Magistrate Judge for the reasons set forth in the Recommended Decision.[2]

    1.    It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby ADOPTED.

    2.    The Defendant's Amended Motion for Summary Judgment (Docket # 30) is GRANTED.[3]

SO ORDERED.

           /s/ John A. Woodcock, Jr.
           JOHN A. WOODCOCK, JR.
           CHIEF UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2012

---

[2] After the Magistrate Judge issued her opinion on January 4, 2012, the Supreme Court addressed the appropriate role of government as it relates to the free exercise of religion. *See Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 132 S. Ct. 694 (2012) (holding that religious clauses of First Amendment "bar the government from interfering with the decision of a religious group to fire one of its ministers" and that ministerial exception prevented "called" teacher's employment discrimination suit). This case does not affect the Magistrate's legal analysis of Mr. Cookson's claims that he is entitled to accommodation of his Satanist practice within the prison setting.

[3] As noted above, the Defendant filed a motion for summary judgment on May 16, 2011, *Mot. for Summ. J. of Def. Martin Magnusson* (Docket # 11), and on October 6, 2011 filed an amended motion for summary judgment, *Am. Mot. for Summ. J.* (Docket # 30). The Magistrate Judge issued a Recommended Decision on the original motion for summary judgment on July 26, 2011, which she subsequently withdrew. *Recommended Decision on Mot. for Summ. J.* (Docket # 23); *Order* (Docket # 29). In issuing her Recommended Decision on January 4, 2012, the Magistrate Judge appears to have treated the amended motion as the operative motion. *Rec. Dec.* at 3. As the motion for summary judgment and amended motion for summary judgment are technically both still pending, the Court DISMISSES as moot the Motion for Summary Judgment of Defendant Martin Magnusson (Docket # 11) and treats the amended motion as the operative pleading.